IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN PAUL MARINO,

    Petitioner,               No. CIV S-08-2389 FCD DAD P

    vs.

JAMES WALKER, Warden,        <u>ORDER AND</u>

    Respondent.           <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 17, 2008, the undersigned ordered respondent to file and serve a response to the petition. On January 30, 2009, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has not filed an opposition to the motion.[1]

/////

---

[1] On March 11, 2009, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." Petitioner has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

## BACKGROUND

On June 28, 2004, a Sacramento County Superior Court jury convicted petitioner of second-degree murder and assault on a police officer. The jury also found a sentencing enhancement allegation to be true. On September 10, 2004, petitioner was sentenced to an indeterminate term of sixteen years to life in state prison. On January 26, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On April 12, 2006, the California Supreme Court denied review. (Pet. at 2; Resp't's Lodged Docs. 1-4.)

Petitioner subsequently filed three state habeas petitions. On July 3, 2007, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on August 28, 2007. On September 18, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on October 4, 2007. Finally, on April 8, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On September 17, 2008, the California Supreme Court denied the petition. (Resp't's Lodged Docs. 5-11.) On October 2, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss arguing that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that on April 12, 2006, the California Supreme Court denied petitioner's petition for review, causing petitioner's judgment of conviction to become "final" on July 11, 2006, after the time for filing a petition for writ of certiorari expired. Respondent argues that the one-year statute of limitations for filing a federal habeas petition began to run the following day, on July 12, 2006, and expired one year later on July 11, 2007. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. However, respondent argues that petitioner did not file his first state habeas petition in the

Sacramento County Superior Court until July 3, 2007, after 356 days had already elapsed under the statute of limitations. Respondent does not dispute that petitioner properly filed his first as well as his second state habeas petitions and is entitled to tolling for the pendency of those petitions. However, respondent argues that petitioner unreasonably delayed in filing his next state petition with the California Supreme Court and is not entitled to tolling for the 186 days between the California Court of Appeal's denial and the filing of his habeas petition in the California Supreme Court. Accordingly, respondent concludes that the statute of limitations expired well before petitioner filed his federal petition on October 2, 2008. (Resp't's Mot. to Dismiss at 4-6.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

On June 28, 2004, a Sacramento County Superior Court jury convicted petitioner of second-degree murder and assault on a police officer. On September 10, 2004, petitioner was sentenced to an indeterminate term of sixteen years to life in state prison. On January 26, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On April 12, 2006, the California Supreme Court denied review. For purposes of federal habeas review, petitioner's conviction became final on July 11, 2006, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on July 12, 2006, and expired one year later on July 11, 2007. Petitioner did not file his federal habeas petition until nearly fifteen months later, on October 2, 2008. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round

4

of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, 356 days of the limitations period elapsed before petitioner filed his first state habeas petition in the Sacramento County Superior Court on July 3, 2007. Even assuming petitioner is entitled to statutory tolling for the entire period of time his habeas petitions were pending before the state courts, an additional 15 days of the limitations period elapsed between the California Supreme Court's denial of his habeas petition on September 17, 2008, and his filing of his federal petition on October 2, 2008. Thus, by the time petitioner filed his federal petition, more than one year had elapsed under the statute of limitations, rendering petitioner's federal habeas petition time-barred. Accordingly, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

**OTHER MATTERS**

Respondent has informed the court that Matthew C. Kramer, not James Walker, is the current warden at California State Prison, Sacramento. Respondent requests that the court substitute Warden Kramer as respondent in this action. Good cause appearing, the court will grant respondent's request.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Respondent's request to substitute Warden Kramer as respondent in this action (Doc. No. 12) is granted; and

2. The Clerk of the Court is directed to amend the docket to reflect that Warden Matthew C. Kramer is the respondent in this action.

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Respondent's January 30, 2009 motion to dismiss (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mari2389.157